UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
ORLANDO MOLINA MARTINEZ,

                Plaintiff,

        - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

10 CV 2989 (RJD) (JO)

DEARIE, District Judge.

      Plaintiff Orlando Martinez appeals the Social Security Commissioner's decision to deny him benefits for alleged disability caused by paranoid schizophrenia. Martinez's benefits claim was denied shortly after he filed it in July 2009. Plf. Mot. at 1. On January 15, 2010, Martinez requested an administrative law judge hearing but withdrew his request before the hearing occurred. See Herbst Aff., Ex. 1-2. Following plaintiff's withdrawal, ALJ Jane Polisar dismissed Martinez's hearing request on February 23, 2010. See id., Ex. 3. Plaintiff filed a request for review of ALJ Polisar's decision because, he said, "I'am [sic] still disabled and unable to work" (see id., Ex. 4); the Appeals Council denied Martinez's request (id., Ex. 5). On June 25, 2010, plaintiff sought this Court's review of his denial under 42 U.S.C. § 405(g) and/or § 1383(c)(3). Martinez proceeds pro se and in forma pauperis. On November 17, 2010, Defendant moved to dismiss under Rule 12(b)(1) for plaintiff's failure to exhaust administrative remedies. Plaintiff did not respond.

      The Court must dismiss a case for lack of subject matter jurisdiction when it "lacks the statutory . . . power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving jurisdiction, and the court may consider

evidence outside the pleadings. Id. The Court may review a denial of social security benefits after the claimant has had a hearing and obtains a final decision from the agency. Califano v. Sanders, 430 U.S. 99, 108 (1977) (citing § 405(g)). There was no hearing in Martinez's case, and Martinez has not exhausted his administrative remedies by obtaining a final decision.

Although the Court may waive the plaintiff's exhaustion requirement, "[e]xhaustion is the rule, waiver the exception." Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992). The following criteria govern waiver of exhaustion: (1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion would be futile; and (3) whether the plaintiff would suffer irreparable harm if required to exhaust his administrative remedies before obtaining relief. Id. (denying waiver where plaintiff challenged application of valid regulations rather than regulations themselves). Martinez's claim is not collateral to his demand for benefits; it is a demand for benefits. See Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996) (waiver unwarranted where "gravamen of [plaintiffs'] complaint was that the Government wrongly denied them benefits"). Martinez has not shown that exhaustion would be futile or that he would suffer irreparable harm; in fact, Martinez did not respond to defendant's motion. Martinez must develop an administrative record and obtain a final decision before seeking federal court review. See Escalera v. Comm'r of Soc. Sec., 2011 WL 5865408, at *2 (2d Cir. Nov. 23, 2011).

For the reasons stated above, the Court grants defendant's Rule 12(b)(1) motion to dismiss, without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       July 1͞3͞, 2012

                                                        s/ Judge Raymond J. Dearie

                                                        RAYMOND J. DEARIE
                                                        United States District Judge